# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

DANILO ARANGO, IND. AND BY HIS
ATTORNEY IN FACT, SANTANO GALO

        Plaintiff,

        v.

COUNTRYWIDE HOME LOANS, INC.
D/B/A AMERICA'S WHOLESALE
LENDER, THE BANK OF NEW YORK
MELLON F/K/A THE BANK OF NEW
YORK AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF THE
CEABS, INC. ASSET-BACKED
CERTIFICATES SERIES 2007-9,
SPECIALIZED LOAN SERVICING,
L.L.C., CRYSTAL FINANCIAL
MORTGAGE, BANK OF AMERICA,
SOUTHWEST FUNDING, L.P., AND
PATRICIA POSTON

        Defendants

Civil Action No.  4:12−cv−0_____

## INDEX OF MATTERS BEING FILED

DEFENDANT BANK OF NEW YORK MELLON's NOTICE OF REMOVAL

| | |
|---|---|
| EXHIBIT 1 | PROCESS |
| EXHIBIT 2 | PLEADINGS |
| EXHIBIT 3 | ORDERS |
| EXHIBIT 4 | DOCKET SHEET |
| EXHIBIT 5 | COUNSEL OF RECORD |
| EXHIBIT 6 | NOTICE OF FILING IN STATE COURT OF NOTICE OF REMOVAL TO FEDERAL COURT |
| EXHIBIT 7 | AFFIDAVIT OF APPRAISAL DISTRICT RECORD |

Respectfully submitted,

By:   //s// George A. Kurisky, Jr.
George A. Kurisky, Jr.
TBA No. 11767700

**OF COUNSEL:**

**JOHNSON DELUCA KURISKY & GOULD, P.C.**

Branch M. Sheppard
TBA No. 24033057
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Facsimile
**ATTORNEYS FOR DEFENDANTS,**
**SPECIALIZED LOAN SERVICING, LLC**
**AND BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK AS TRUSTEE**

## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of the above and foregoing Index was served by facsimile to all opposing counsel on the 14th day of December 2012:

***VIA FACSIMILE: (713) 227-1881***
MATTHEW S. MULLER
5225 KATY FREEWAY, SUITE 420
HOUSTON, TX 77007

***VIA FACSIMILE: (214) 922-7101***
NATHAN ANDERSON
MCGLINCHEY STAFFORD
2711 NORTH HASKELL AVE.
SUITE 275, LB 25
DALLAS, TX 75204

//s// George A. Kurisky, Jr.
GEORGE A.KURISKY, JR.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **DANILO ARANGO, IND. AND BY HIS ATTORNEY IN FACT, SANTANO GALO** | |
| **Plaintiff,** | **Civil Action No.  4:12−cv−0_____** |
| **v.** | |
| **COUNTRYWIDE HOME LOANS, INC. D/B/A AMERICA'S WHOLESALE LENDER, THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CEABS, INC. ASSET-BACKED CERTIFICATES SERIES 2007-9, SPECIALIZED LOAN SERVICING, L.L.C., CRYSTAL FINANCIAL MORTGAGE, BANK OF AMERICA, SOUTHWEST FUNDING, L.P., AND PATRICIA POSTON** | |
| **Defendants** | |

**EXHIBIT 1**

True and correct copies of the Citations and Officer's Returns on defendants.

# NON-RESIDENT CITATION

CLERK OF THE COURT
BARBARA GLADDEN ADAMICK
P.O. BOX 2985
CONROE, TEXAS 77305

ATTORNEY REQUESTING THIS SERVICE
MATTHEW S. MULLER
ATTORNEY AT LAW
5225 KATY FREEWAY, SUITE 420
HOUSTON TX 77002

RECEIVED AND FILED
FOR RECORD
_____ O'clock _____ M.
DEC 0 6 2012

BARBARA GLADDEN ADAMICK
MONTGOMERY COUNTY, TEXAS
BY_____Deputy

## THE STATE OF TEXAS

   **NOTICE TO DEFENDANT:** "You have been sued. You may employ
an attorney. If you or your attorney do not file a written answer
with the clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of twenty days after you were served
this citation and petition, a default judgment may be taken against
you."

   To: BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK BY SERVING
REG.AGENT, STEPHEN B. WELLS
         ONE WALL STREET
         NEW YORK, NY 10005


   You are hereby commanded to appear by filing a written answer to
the PLAIANTIFFS' ORIGINAL PETITION INCLUDING APP.FOR TEMP.INJUNCTION
AND EX PARTE APP. FOR TEMPORARY RESTRAINING ORDER at or before ten
o'clock A.M. of the Monday next after the expiration of twenty days
after the date of service of this citation before the Honorable 9TH
Judicial District Court of Montgomery County, Texas at the Courthouse
of said County in Conroe, Texas.

   Said PLAIANTIFFS' ORIGINAL PETITION INCLUDING APP.FOR
TEMP.INJUNCTION AND EX PARTE APP. FOR TEMPORARY RESTRAINING ORDER was
filed in said court on the 27th day of SEPTEMBER, 2012, in this case,
numbered 12-09-10256-CV on the docket of said court, and styled,
DANILO ARANGO,IND.AND BY HIS ATTORNEY-IN-FACT, SANTANO GALO VS
COUNTRYWIDE HOME LOANS,INC., ET AL

   The nature of plaintiff's demand is fully shown by a true and
correct copy of Plaintiff's PLAIANTIFFS' ORIGINAL PETITION INCLUDING
APP.FOR TEMP.INJUNCTION AND EX PARTE APP. FOR TEMPORARY RESTRAINING
ORDER accompanying this citation ORDER REGARDING E-FILE DESIGNATION
AND LIVE DATE;ORDER TO ISSUE TEMPORARY RESTRAINING ORDER;****HEARING
DATE: NOVEMBER 9, 2012 AT 9:30 AM***** and made a part hereof.

   The officer executing this writ shall promptly serve the same
according to requirements of law, and the mandates thereof, and make
due return as the law directs.

   Issued and given under my hand and seal of said Court at Conroe,
Texas this the 26th day of OCTOBER, 2012.
                         BARBARA GLADDEN ADAMICK, Clerk, District Court,
                         Montgomery County, Texas

(SEAL)

By_____
                /Deputy

E-FILE
48385603
es

OFFICER'S RETURN (OUT OF STATE)

Cause No: **12-09-10256**        9TH Judicial District Court
Style: DANILO ARANGO, IND.AND BY HIS  ATTORNEY-IN-FACT, SANTANO GALO VS
COUNTRYWIDE HOME LOANS, INC., ET AL
To: BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK BY SERVING
REG.AGENT, STEPHEN B. WELLS
Address for Service: ONE WALL STREET NEW YORK, NY 10005

Came to hand the _7th_ day of _November_, 20_12_, at _9:55_ o'clock,
and executed in _New York_ County, in the state of _NY_ by
delivering to each of the within named defendants in person, a true
copy of this Citation with the date of delivery endorsed thereon,
together with the accompanying copy of the PLAINTIFFS' ORIGINAL
PETITION INCLUDING APP.FOR TEMP.INJUNCTION AND EX PARTE APP. FOR
TEMPORARY RESTRAINING ORDER ORDER REGARDING E-FILE DESIGNATION AND
LIVE DATE;ORDER TO ISSUE TEMPORARY RESTRAINING ORDER;****HEARING DATE:
NOVEMBER 9, 2012 AT 9:30 AM*****, at the following times and places,
to wit:

Name: _Bank of New York_   Date/Time _11/20/2012_ Place, Course and Distance from Courthouse _One Wells St New York NY 10005_
_Mellon F/K/A Stephen B Wells_
Manner of service: _Cert Mail & Return Receipt for Exchardise (7011-1570-0002-9072_
_Signed By: Freddie Robinson (Bank of NewYork)_
*And not executed as to the defendant(s) _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy $_____
                          $_____
TOTAL
                    _Kuka Nadala_ OFFICER
                    _Harris_____ County, in the state of _TX_
                    By _Kuka Nadala_ Deputy
                    _Kuka Nadala_
                    Affiant

**Complete if you are a person other than a Sheriff, Constable, or
Clerk of the Court.** In accordance with Rule 107: the officer or
authorized person who serves, or attempts to serve a citation shall
sign the return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury
must contain the statement below in substantially the following form:

My full name is _Kuka Nadala_ my date of birth is _01/26/69_, and my address
is _6332 Pennington Houston TX 77022_.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _New York_ County, State of _NY_, on the _26th_ day of
_November_ 2012.
                    _Kuka Nadala_
                    Declarant/Authorized Process Server
                    _1833    3/2015_
                    ID# & Exp.of Certification

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of New York
R/A Stephon Bello
One Wall St
New York, NY 10005

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  Freddie Robinson  ☐ Agent
   Bank of New York  ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

NOV 02 2011

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7011 1570 0002 4674 4092

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

# TEMPORARY RESTRAINING ORDER

CLERK OF THE COURT
BARBARA GLADDEN ADAMICK
P.O. Box 2985
Conroe, Texas 77305

ATTORNEY REQUESTING SERVICE
MATTHEW S. MULLER
5225 KATY FREEWAY, SUITE 420
HOUSTON TX 77002

RECEIVED AND FILED
FOR RECORD
At _____ O'clock _____ M.
DEC 0 6 2012

BARBARA GLADDEN ADAMICK
Montgomery County, Texas
By _____ Deputy

### THE STATE OF TEXAS

To: BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK BY SERVING REG.
AGENT, STEPHEN B. WELLS
ONE WALL STREET
NEW YORK, NY 10005

Whereas, DANIEL ARANGO, INDIVIDUALLY AND THROUGH HIS
ATTORNEY-IN-FACT, SANTANO GALO

filed HIS ORDER TO ISSUE TEMPORARY RESTRAINING ORDER in the
9TH Judicial District Court of Montgomery County, Texas, 27th day of
SEPTEMBER, A.D., 2012, in a suit numbered **12-09-10256-CV** on
the Docket of said Court, wherein

DANILO ARANGO, IND.AND BY HIS ATTORNEY-IN-FACT, SANTANO GALO PLAINTIFF

AND

COUNTRYWIDE HOME LOANS, INC., ET AL DEFENDANT

alleging that which is more fully shown by a true and correct
copy of ORDER TO ISSUE TEMPORARY RESTRAINING ORDER which is
attached hereto; and upon presentation of said ORDER TO ISSUE
TEMPORARY RESTRAINING ORDER to him and consideration thereof, the
Honorable FRED EDWARDS Judge of said court, made the following order
thereon:

You are therefore commanded to desist and refrain from

**ALL THOSE ACTIONS SET OUT IN JUDGE'S ORDER ATTACHED HERETO.**

until and pending the hearing of such petition upon PETITIONER
application for a temporary injunction before the Judge of said court
at 9:30 A.M. on the 9th day of NOVEMBER, 2012 in the 9TH
Judicial District Court courtroom in the court house of Montgomery
County, in the City of Conroe Texas, when and where you will appear to
show cause why injunction should not be granted upon such petition
effective until final decree in such suit.

Bond in the amount of $ 100.00 filed in the District Clerk's
office

Issued and given under my hand and seal of said Court at Conroe,
Texas this the 26th day of OCTOBER, 2012,

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By _____
Deputy

E-FILE
48385603
-83

## OFFICER'S RETURN

Cause No: **12-09-10256-CV**                          9TH Judicial District Court
Style: DANILO  ARANGO, IND. AND  BY HIS  ATTORNEY-IN-FACT, SANTANO  GALO
PLAINTIFF vs
To: BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK BY SERVING REG.
Address for Service: AGENT, STEPHEN B. WELLS ONE WALL STREET NEW YORK,
NY 10005

Came to hand the _7th_ day of _November_ , 20_12_, at _3:35_ o'clock,
and executed in _New York_ County, Texas by delivering to  each of
the within  named defendants in person,  a true  copy of this Citation
with the  date of  delivery  endorsed thereon,  together  with the
accompanying copy of the   ORDER TO ISSUE TEMPORARY RESTRAINING  ORDER

_____ , at the following times and places, to wit:
Name                     Date/Time   Place, Course and Distance from Courthouse
_Bank of New York_       _11/20/12_  _One Wells St New York, NY 10005_
_Mellon F/K/A Stephen B. Wells_
Manner of service: _Cert Mail, & RTN Receipt & Merchandise cert 7011-1570_
_0002-9674-4092_

*And not executed as to the defendant(s) _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy $_____
TOTAL                     _____ _Luke Hadala_ OFFICER
                                   Harris County, Texas
                          By _Luke Hadala_ Deputy
                          _Luke Hadala_
                          Affiant  #4833

**Complete if  you are a person other than a Sheriff, Constable, or
Clerk of the  Court.** In accordance with Rule 107:  the officer or
authorized person who serves, or attempts  to serve a  citation shall
sign the return.  The  return must either  be  verified or  be  signed
under penalty  of perjury.  A  return signed  under penalty of perjury
must contain the statement below in substantially the following form:

My full name is _Luke Hadala_ my date of birth is _01/26/69_, and my address
is _632 Bonnington Trail TX 77522_

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _New York_ County, State of _NY_ , on the _20th_ day of
_November_ 2012.
                          _Luke Hadala_
                          Declarant/Authorized Process Server
                          _4833  5/2015_
                          ID# & Exp. of Certification

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of New York
R/A Stephon B. Gillo
One Wall St

New York, NY 10005

2. Article Number
(Transfer from service label)

7011 1570 0002 4674 4092

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

Freddie Robinson
Bank of New York

B. Received by (Printed Name)     C. Date of Delivery

JUL 08 2011

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

# TEMPORARY RESTRAINING ORDER



RECEIVED AND FILED
FOR RECORD
NOV 15 2012
BARBARA GLADDEN ADAMICK
MONTGOMERY COUNTY TEXAS
BY _____ DEPUTY

CLERK OF THE COURT
BARBARA GLADDEN ADAMICK
P.O. Box 2985
Conroe, Texas 77305

ATTORNEY REQUESTING SERVICE
MATTHEW S. MULLER
5225 KATY FREEWAY, SUITE 420
HOUSTON TX 77002

## THE STATE OF TEXAS

To: SOUTHWEST FUNDING, L.P. BY SERVING REG. AGENT, NATIONAL REGISTERED AGENTS
1021 MAIN STREET, STE 1150
HOUSTON, TEXAS 77002

Whereas, DANIEL ARANGO, INDIVIDUALLY AND THROUGH HIS ATTORNEY-IN-FACT, SANTANO GALO

filed HIS ORDER TO ISSUE TEMPORARY RESTRAINING ORDER in the 9TH Judicial District Court of Montgomery County, Texas, 27th day of SEPTEMBER, A.D., 2012, in a suit numbered **12-09-10256-CV** on the Docket of said Court, wherein

DANILO ARANGO, IND. AND BY HIS ATTORNEY-IN-FACT, SANTANO GALO PLAINTIFF

AND

COUNTRYWIDE HOME LOANS, INC., ET AL DEFENDANT

alleging that which is more fully shown by a true and correct copy of ORDER TO ISSUE TEMPORARY RESTRAINING ORDER which is attached hereto; and upon presentation of said ORDER TO ISSUE TEMPORARY RESTRAINING ORDER to him and consideration thereof, the Honorable FRED EDWARDS Judge of said court, made the following order thereon:

You are therefore commanded to desist and refrain from

**ALL THOSE ACTIONS SET OUT IN JUDGE'S ORDER ATTACHED HERETO.**

until and pending the hearing of such petition upon PETITIONER application for a temporary injunction before the Judge of said court at 9:30 A.M. on the 9th day of NOVEMBER, 2012 in the 9TH Judicial District Court courtroom in the court house of Montgomery County, in the City of Conroe Texas, when and where you will appear to show cause why injunction should not be granted upon such petition effective until final decree in such suit.

Bond in the amount of $ 100.00 filed in the District Clerk's office

Issued and given under my hand and seal of said Court at Conroe, Texas this the 26th day of OCTOBER, 2012,

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By _____
Deputy

## OFFICER'S RETURN

Cause No: **12-09-10256-CV**                    9TH Judicial District Court
Style: DANILO ARANGO,IND.AND BY HIS ATTORNEY-IN-FACT, SANTANO GALO
PLAINTIFF vs
To: SOUTHWEST FUNDING,L.P. BY SERVING REG.AGENT, NATIONAL REGISTERED
Address for Service: AGENTS 1021 MAIN STREET, STE 1150 HOUSTON, TEXAS
77002

Came to hand the _11th_ day of _November_, 20_12_, at _11:35_ o'clock,
and executed in _Harris_ County, Texas by delivering to each of
the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the
accompanying copy of the ORDER TO ISSUE TEMPORARY RESTRAINING ORDER

, at the following times and places, to wit:
Name                Date/Time  Place, Course and Distance from Courthouse
_Southwest Funding LP_          _11/9/2012 3:16 PM 1021 Main St Houston TX 77002_
_R/A NRA by deliver to Priscilla Cardenas_
Manner of service: _____

*And not executed as to the defendant(s)_____

The diligence used in finding said defendant(s) being:
_____
and the cause or failure to execute this process is:
_____
and information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy $_____
TOTAL                    $_____
                _Kyra Kadale_ OFFICER
                _Harris_ County, Texas
            By: _Kyra Kadale_ Deputy
                _Kyra Kadale_
                Affiant

**Complete if you are a person other than a Sheriff, Constable, or
Clerk of the Court.** In accordance with Rule 107: the officer or
authorized person who serves, or attempts to serve a citation shall
sign the return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury
must contain the statement below in substantially the following form:

My full name is _Kyra Kadale_ my date of birth is _01/26/02_, and my address
is _1032 Pennington Houston TX 77022_.

I DECLARE UNDER PENALTY OF PERJURY THAT ~~THE~~ FOREGOING IS TRUE AND CORRECT.

Executed in _Harris_ County, State of _Texas_, on the _9th_ day of
_November_ 2012.
                _Kyra Kadale_
                Declarant/Authorized Process Server
                _4853    3/2015_
                ID# & Exp.of Certification

# CITATION

CLERK OF THE COURT
BARBARA GLADDEN ADAMICK
P.O. BOX 2985
CONROE, TEXAS   77305

ATTORNEY/PARTY REQUESTING SERVICE
MATTHEW S. MULLER
5225 KATY FREEWAY, SUITE 420
HOUSTON TX 77002

RECEIVED AND FILED
9: 30 RECORD
NOV 15 2012
BARBARA GLADDEN ADAMICK
MONTGOMERY COUNTY, TEXAS

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.   You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m.  on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
To: SOUTHWEST FUNDING, L.P. BY SERVING REG. AGENT, NATIONAL
        REGISTERED AGENTS
        1021 MAIN STREET, STE 1150
        HOUSTON, TEXAS 77002

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION INCLUDING APP.FOR TEMP.INJUNCTION AND EX PARTE APP.FOR TEMPORARY RESTRAINING ORDER at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 9TH Judicial District Court of Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said PLAINTIFF'S ORIGINAL PETITION INCLUDING APP.FOR TEMP.INJUNCTION AND EX PARTE APP.FOR TEMPORARY RESTRAINING ORDER was filed in said court on the 27th day of SEPTEMBER, 2012 numbered **12-09-10256-CV** on the docket of said court, and styled, DANILO ARANGO,IND.AND BY HIS ATTORNEY-IN-FACT, SANTANO GALO VS COUNTRYWIDE HOME LOANS,INC., ET AL

The nature of plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION INCLUDING APP.FOR TEMP.INJUNCTION AND EX PARTE APP.FOR TEMPORARY RESTRAINING ORDER accompanying this citation together with ORDER TO ISSUE TEMP.RESTRAINING ORDER;ORDER REGARDING E-FILE DESIGNATION AND LIVE DATE;*****HEARING DATE: NOVEMBER 9, 2012 AT 9:30 AM***** and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas this the 26th day of OCTOBER, 2012.

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

(SEAL)

Deputy

# OFFICER'S RETURN

Cause No: **12-09-10256-CV**          9TH Judicial District Court
Style: DANILO ARANGO,IND.AND BY HIS ATTORNEY-IN-FACT, SANTANO GALO VS
COUNTRYWIDE HOME LOANS,INC., ET AL
To: SOUTHWEST FUNDING, L.P. BY SERVING REG. AGENT, NATIONAL
Address for Service: 1021 MAIN STREET, STE 1150 HOUSTON, TEXAS 77002

Came to hand the _7th_ day of _November_ , 20 _12_, at _11.35_ o'clock,
and executed in _Harris_ County, Texas by delivering to each of
the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the
accompanying copy of the PLAINTIFF'S ORIGINAL PETITION INCLUDING
APP.FOR TEMP.INJUNCTION AND EX PARTE APP.FOR TEMPORARY RESTRAINING
ORDER together with ORDER TO ISSUE TEMP.RESTRAINING ORDER;ORDER
REGARDING E-FILE DESIGNATION AND LIVE DATE;*****HEARING DATE: NOVEMBER
9, 2012 AT 9:30 AM*****, at the following times and places, to wit:

Name: _Southwest Funding L P_ Date/Time Place, Course and Distance from Courthouse
_11/9/2012 3:16PM    1021 Main St Houston, TX 77002_
_by serving RH national registeragent bydelivery to Priscilla Cardenas  Ste 1150_
Manner of service: _____

*And not executed as to the defendant(s) _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy $_____
TOTAL          $_____
                    _Nita Nadala_          OFFICER
                    _Harris_          County, Texas
                    By: _Nita Nadala_          Deputy _4833_
                    _Nita Nadala_          _scH_
                         Affiant

**Complete if you are a person other than a Sheriff, Constable, or
Clerk of the Court.** In accordance with Rule 107: the officer or
authorized person who serves, or attempts to serve a citation shall
sign the return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury
must contain the statement below in substantially the following form:

My full name is _Nita Nadala_ my date of birth is _01/26/69_, and my address
is _1632 Denningham Houston, TX 77002_                 .

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _Harris_ County, State of _Texas_ , on the _9_ day of
_November_ 2012.
                    _Nita Nadala_
                    Declarant/Authorized Process Server
                    _4833    3/2015_
                    ID# & Exp.of Certification

# TEMPORARY RESTRAINING ORDER

CLERK OF THE COURT
BARBARA GLADDEN ADAMICK
P.O. Box 2985
Conroe, Texas   77305

ATTORNEY REQUESTING SERVICE
MATTHEW S. MULLER
5225 KATY FREEWAY, SUITE 420
HOUSTON TX 77002

RECEIVED

TRAVIS COUNTY CON
PCT 1

### THE STATE OF TEXAS

To: SPECIALIZED LOAN SERVICING,LLC BY SERVING REG.AGENT,CAPITOL
CORPORATE SERVICES
800 BRAZOS STREET, STE 400
AUSTIN, TEXAS 78701

Whereas, DANIEL      ARANGO,INDIVIDUALLY      AND      THROUGH      HIS
ATTORNEY-IN-FACT, SANTANO GALO

filed HIS ORDER TO   ISSUE TEMPORARY RESTRAINING ORDER      in the
9TH Judicial District Court of  Montgomery County, Texas, 27th day  of
SEPTEMBER, A.D., 2012,  in a suit numbered 12-09-10256-CV on
the Docket of said Court, wherein

DANILO ARANGO, IND.AND BY HIS ATTORNEY-IN-FACT, SANTANO GALO PLAINTIFF

AND
COUNTRYWIDE HOME LOANS, INC., ET AL DEFENDANT

alleging that  which  is more fully shown  by  a true and correct
copy of ORDER  TO ISSUE  TEMPORARY  RESTRAINING  ORDER      which is
attached hereto;  and upon  presentation of  said ORDER TO ISSUE
TEMPORARY RESTRAINING ORDER    to  him and consideration thereof, the
Honorable FRED EDWARDS Judge of said  court,  made the following order
thereon:

You are therefore commanded to desist and refrain from

**ALL THOSE ACTIONS SET OUT IN JUDGE'S ORDER ATTACHED HERETO.**

until and pending the hearing  of  such petition upon  PETITIONER
application for a temporary injunction before the  Judge of said court
at 9:30 A.M.       on the  9th day  of  NOVEMBER, 2012 in the  9TH
Judicial District  Court courtroom  in  the court  house of Montgomery
County, in the City of Conroe Texas, when and where you will appear to
show cause why injunction  should not be  granted  upon  such petition
effective until final decree in such suit.

Bond in  the amount  of  $ 100.00  filed in the  District Clerk's
office

Issued and given under my hand and seal of  said Court at Conroe,
Texas this the 26th day of OCTOBER, 2012,

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By _____
          Deputy

**OFFICER'S RETURN**

Cause No: **12-09-10256-CV**                    9TH Judicial District Court
Style: DANILO  ARANGO,IND.AND BY HIS  ATTORNEY-IN-FACT,  SANTANO  GALO
PLAINTIFF vs
To: SPECIALIZED LOAN SERVICING,LLC BY SERVING REG.AGENT,CAPITOL
Address for  Service: CORPORATE SERVICES  800  BRAZOS STREET, STE  400
AUSTIN, TEXAS 78701

Came to hand  the  6 day of  November  , 201 2 , at 10-21 A
and executed in  Trav   County, Texas  by delivering to each of
the within  named defendants in person,  a true copy of this  Citation
with the date of   delivery  endorsed  thereon,  together  with  the
accompanying copy of the   ORDER TO ISSUE   TEMPORARY RESTRAINING ORDER

            , at the following times and places, to wit:
Name Capitol Corporate  Date/Time  Place, Course and Distance from Courthouse
Reg/Agt for specialized Loan  Serve  11/6/12  1110am   800  Brazos   400
                Servin LLC             Austin
Manner of service: _____ Personal delivery

*And not executed as to the defendant(s) _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy $ _____      Constable Danny Thomas
TOTAL                     $ _____      Precinct One
                                        OFFICER
                                        County
                        By: _____        Deputy
                        Affiant         Corporal Jesse Villalovos

**Complete if you are a person other than a  Sheriff, Constable, or
Clerk of the Court.** In accordance with Rule 107:  the officer or
authorized person who serves,  or  attempts to serve a  citation shall
sign the return.    The  return must  either be  verified  or be signed
under penalty  of perjury.  A return  signed under  penalty of perjury
must contain the statement below in substantially the following form:

My full name is _____ my date of birth is _____ , and my address
is _____ .

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____ , on the __day of
_____ 2012.

            _____
            Declarant/Authorized Process Server

            _____
            ID# & Exp.of Certification

RECEIVED AND FILED
FOR RECORD
NOV 13 2012

# CITATION

CLERK OF THE COURT
BARBARA GLADDEN ADAMICK
P.O. BOX 2985
CONROE, TEXAS  77305

ATTORNEY/PARTY REQUESTING SERVICE:
MATTHEW S. MULLER
5225 KATY FREEWAY, SUITE 420
HOUSTON TX 77002

# THE STATE OF TEXAS

    NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
  To: SPECIALIZED LOAN SERVICING,LLC BY SERVING REG.AGENT,
      CAPITOL CORPORATE SERVICES
        800 BRAZOS STREET, STE 400
        AUSTIN, TEXAS 78701

    You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION INCLUDING APP.FOR TEMP.INJUNCTION AND EX PARTE APP.FOR TEMPORARY RESTRAINING ORDER at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 9TH Judicial District Court of Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

    Said PLAINTIFF'S ORIGINAL PETITION INCLUDING APP.FOR TEMP.INJUNCTION AND EX PARTE APP.FOR TEMPORARY RESTRAINING ORDER was filed in said court on the 27th day of SEPTEMBER, 2012 numbered 12-09-10256-CV on the docket of said court, and styled, DANILO ARANGO,IND.AND BY HIS ATTORNEY-IN-FACT, SANTANO GALO VS COUNTRYWIDE HOME LOANS,INC., ET AL

    The nature of plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION INCLUDING APP.FOR TEMP.INJUNCTION AND EX PARTE APP.FOR TEMPORARY RESTRAINING ORDER accompanying this citation together with ORDER TO ISSUE TEMP.RESTRAINING ORDER;ORDER REGARDING E-FILE DESIGNATION AND LIVE DATE;*****HEARING DATE: NOVEMBER 9, 2012 AT 9:30 AM***** and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Conroe, Texas this the 26th day of OCTOBER, 2012.

             Barbara Gladden Adamick, District Clerk
             Montgomery County, Texas

(SEAL)

# OFFICER'S RETURN

Cause No:  12-09-10256-CV                      9TH Judicial District Court
Style: DANILO ARANGO,IND.AND BY HIS  ATTORNEY-IN-FACT, SANTANO GALO VS
COUNTRYWIDE HOME LOANS,INC., ET AL
To: SPECIALIZED LOAN SERVICING,LLC BY SERVING REG.AGENT,
Address for Service: 800 BRAZOS STREET, STE 400 AUSTIN, TEXAS 78701

Came to hand the __6__ day of _November_ , 20 _12_ at _10:20_ o'clock,
and executed in_____ County, Texas by delivering to each of
the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the
accompanying copy of the  PLAINTIFF'S ORIGINAL PETITION INCLUDING
APP.FOR TEMP.INJUNCTION AND EX PARTE APP.FOR TEMPORARY RESTRAINING
ORDER together with ORDER TO ISSUE TEMP.RESTRAINING ORDER;ORDER
REGARDING E-FILE DESIGNATION AND LIVE DATE;*****HEARING DATE: NOVEMBER
9, 2012 AT 9:30 AM*****, at the following times and places, to wit:
Name _____  Date/Time  Place, Course, and Distance from Courthouse

Manner of service: _____

*And not executed as to the defendant(s)_____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy $_____        Constable Danny Thomas
TOTAL                                        Precinct One
                                             4717 Heflin Lane #127
                                             _____ Texas 78721
                            By:_____Deputy
                            Affiant

**Complete if you are a person other than a Sheriff, Constable, or
Clerk of the Court.** In accordance with Rule 107:  the officer or
authorized person who serves, or attempts to serve  a citation shall
sign the return.  The return must either be verified or be signed
under penalty of perjury.   A return signed under penalty of perjury
must contain the statement below in substantially the following form:

My full name is _____my date of birth is _____, and my address
is _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the __day of
_____2012.

                            _____
                            Declarant/Authorized Process Server

                            _____
                            ID# & Exp.of Certification

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **DANILO ARANGO, IND. AND BY HIS ATTORNEY IN FACT, SANTANO GALO** | |
| **Plaintiff,** | **Civil Action No.  4:12−cv−0_____** |
| **v.** | |
| **COUNTRYWIDE HOME LOANS, INC. D/B/A AMERICA'S WHOLESALE LENDER, THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CEABS, INC. ASSET-BACKED CERTIFICATES SERIES 2007-9, SPECIALIZED LOAN SERVICING, L.L.C., CRYSTAL FINANCIAL MORTGAGE, BANK OF AMERICA, SOUTHWEST FUNDING, L.P., AND PATRICIA POSTON** | |
| **Defendants** | |

## EXHIBIT 2

True and correct copies of Plaintiff's Original Petition and Original Answer are attached hereto as Exhibit 2.

Service Copy

NO. *12-09-10256*

RECEIVED
12 NOV -6 AM 10: 21
TRAVIS COUNTY CONSTABLE
PCT 1

DANILO ARANGO, ind. and                    IN THE DISTRICT COURT
by his attorney-in-fact.
Santano Galo

v                                          MONTGOMERY COUNTY, TEXAS

COUNTRYWIDE HOME LOANS,
INC. d/b/a AMERICA'S
WHOLESALE LENDER,
THE BANK OF NEW YORK
MELLON f/k/a THE BANK OF
NEW YORK as Trustee for the
Certificate Holders of the CWABS, Inc.
Asset-Backed Certificates Series
2007-9, SPECIALIZED LOAN
SERVICING, L.L.C., CRYSTAL FINANCIAL
MORTGAGE, BANK OF AMERICA,
SOUTHWEST FUNDING L.P.,
and PATRICIA POSTON                        9th JUDICIAL DISTRICT

PLAINTIFFS' ORIGINAL PETITION
INCLUDING
APPLICATION FOR TEMPORARY INJUNCTION and
*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

PLAINTIFF is Daniel Arango, individually and through his attorney-in-fact Santano

Galo. Plaintiff complains of Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender,

the Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificate Holders

of the CWABS, Inc. Asset-Backed Certificates Series 2007-9, and Specialized Loan Servicing,

LLC. He requests the equitable relief of rescission, but if that is denied, he requests legal

remedies including money damages.

    1.    Level Three discovery.

2.     Defendant Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender has become the responsibility of its successor the Bank of America. It originated the mortgage note which on information and belief is alleged to form the basis of the Substitute Trustee sale challenged in this lawsuit. *No service of process is necessary on this defendant sub nomine Countrywide at this time in this name.*

3.     Defendant the Bank of America may be served on its registered agent being C.T. Corporation Systems, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201-4234. *The clerk is requested to prepare citation papers suitable for private process service, and when they are ready, to mail those papers to plaintiff's counsel undersigned for assignment to a private process server.*

4.     Defendant the Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificate Holders of the CWABS, Inc. Asset-Backed Certificates Series 2007-9 may be served on its registered agent being Stephen B. Wells, One Wall Street, New York, N.Y. 10005. *The clerk is requested to prepare citation papers suitable for private process service, and when they are ready, to mail those papers to plaintiff's counsel undersigned for assignment to a private process server.*

5.     Specialized Loan Servicing, L.L.C. may be served on its registered agent being Capitol Corporate Services, 800 Brazos Street, Suite 400, Austin, Texas 78701. *The clerk is requested to prepare citation papers suitable for private process service, and when they are ready, to mail those papers to plaintiff's counsel undersigned for assignment to a private process server.*

2

6.   Crystal Financial Mortgage is, on information and belief, the assumed business name of Luisa M. Aguilar. Luisa M. Aguilar d/b/a Crystal Financial Mortgage may be personally served at 11626 Lennington Drive, Houston, Texas 77064. *The clerk is requested to prepare citation papers suitable for private process service, and when they are ready, to mail those papers to plaintiff's counsel undersigned for assignment to a private process server.*

7.   Patricia Poston served as Substitute Trustee and may be served at 1525 Walnut Hill Lane, Irving, Texas 75038. *The clerk is requested to prepare citation papers suitable for private process service, and when they are ready, to mail those papers to plaintiff's counsel undersigned for assignment to a private process server.*

8.   Defendant Southwest Funding L.P. may be served on its registered agent being National Registered Agents, Inc., 1021 Main Street, Suite 1150, Houston, Texas 77002. *The clerk is requested to prepare citation papers suitable for private process service, and when they are ready, to mail those papers to plaintiff's counsel undersigned for assignment to a private process server.*

9.   Plaintiff purchased his home in 2003 from Lee Jurecka. The home's address is 117 White Oak Drive, New Caney, Texas 77357.

10.  The legal description of the realty whose title is made a basis of this suit is:

> **Lot 117, of Woodbranch, Section Three (3), a subdivision of 98 acres located in the Pryor Bryan Survey, Abstract No. 76, of Montgomery County, Texas , according to the map or plat**

3

thereof, recorded in Volume 5, Page 351 of the
Map Records of Montgomery County, Texas

*(Repeating:) This house has the mailing / street
address of 117 White Oak Drive, New Caney,
Texas 77357.*

11.   Defendants are estopped from relying on written notices of a substitute trustee's

sale because the Lender's agents or representatives told Defendants the sale was

being taken down pending further discussions the Lender's agents or

representatives were going to have with Plaintiff at a time chosen by Lender's

agents or representatives.

12.   Defendants are estopped from use of the Chapter 51 non-judicial foreclosure

procedures because they or some of them have violated the Texas Home Equity

Loan laws or hold or service paper that was originated in violation of those laws.

13.   Plaintiff purchased the subject real estate in 2003 from Lee Jurecka.  Mr.

Jurecka's 2003 Special Warranty Deed to Plaintiff is recorded under film code

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.  A Deed of Trust secured an indebtedness to Mr. Jurecka by Mr.

Arango for that purchase (vendor's lien, on information and belief).

14.   On or about June 2, 2005 Lee Jurecka acknowledged payment of the note and

released the property from the Deed of Trust lien.  That instrument appears to

have been filed of record under film code 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.

15.   On information and belief, with the funds paid him by Arango, Jurecka at that

same time perfected his own title by paying his own lienholders.

4

16.   So, on information and belief, by the summer of 2005, Plaintiff was the Fee
      Owner, unencumbered by any Deeds of Trust, of the subject property.

17.   Defendants, or some of them, purport to have conducted a Chapter 51 foreclosure
      of a regular mortgage in July, 2012 of obligations undertaken in 2007.

18.   It is notionally impossible for a regular mortgage to have arisen in 2007 because
      Arango already owned the property as of July 2005.

19.   Countrywide documents indicate the alleged mortgage was placed with
      "America's Wholesale Lender" by Southwest Funding.

20.   As the owner of land, Plaintiff would in 2007 have been entitled to the protections
      of Texas' Home Equity Loan laws.  Somehow, it seems, an attempt was made to
      deny him those protections.  Plaintiff Arango is financially unsophisticated and
      would have relied on the advice of persons representing themselves as
      knowledgeable professionals.

21.   Arango at all times believed he had made a home equity loan in 2007.

22.   Considerable statutory penalties apply to wilful, reckless, negligent and even
      hapless violations of the Texas Home Equity Loan laws and regulations, and these
      run with the loan.

23.   Defendants made no recourse to Judicial proceedings before purporting to
      foreclose on a (styled as a purchase money) Deed of Trust allegedly encumbering
      the property.

24.   Plaintiff was defrauded by Crystal Financial Mortgage.

25.   Southwest Funding was involved in the wrongdoing that has led Bank of America

to think, if it does so think, that the paper it inherited from Countrywide was

mortgage paper, rather than Home Equity Loan paper.

26.   Bank of America should be equitably estopped from claiming it gave proper

foreclosure notice to plaintiff.

27.   Even if, *arguendo*, plaintiff were utterly wrong regarding the nature of the loan by

which he was loaned money secured by a house he had owned for four years, .

Without a proper notice of a non-judicial foreclosure, such a purported sale is

void.  In the alternative, equitably, plaintiff pleas such sale be declared voidable.

28.   Plaintiff invokes his remedies in the cause of action for Trespass to Try Title.

29.   Plaintiff remains in possession of the premises made the basis of this suit.

30.   Plaintiff has invested considerable sums of money and considerable amounts of

time improving the premises.

31.   Plaintiff paid sums to Crystal Financial Mortgage for worse than nothing.

32.   Plaintiff's pleas for relief in this case might be viewed as proceeding stepwise.

First, Plaintiff requests equitable interlocutory relief limited to freezing the matter

at the status quo ante until the time of trial, conditioned on tender of a sufficient

bond.  Plaintiff's application is supported by his affidavit and document proven

into evidence thereto attached.  Plaintiff requests a TRO be issued pending the

hearing on his application for temporary injunction.

6

33. Plaintiff requests that Bank of America, be restrained (and enjoined) from applying for issuance, or execution, of a writ of possession of the land made a basis of this case. Plaintiff's forcible removal from his home will result in damages not compensable in the law.

34. Plaintiff requests damages remedies against Crystal Financial Mortgage and Bank of America, arising under the Texas Deceptive Trade Practices Act, and under the common law of warranty, contract and tort (negligent communication and Fraud) and under Texas' remedies for statutory ('real estate' fraud). Pleading further as state law requires for Fraud, Plaintiff alleges that Crystal Financial Mortgage made false statements it intended Plaintiff to rely upon to his detriment, and he did so rely. The statutory cause of action for fraud omits the *scienter* requirement.

35. Plaintiff would show that he probably will prevail on his application extraordinary relief, that the public interest will not be harmed by issuance of interlocutory relief, that any potential harm to the defendant from the erroneous grant of the requested interlocutory temporary relief may be satisfactorily bonded against.

36. Plaintiff's economic and other damages are greater than this Court's minimum jurisdictional amount.

37. Plaintiff seeks recovery of his reasonable attorney fees, costs of court and prejudgment and postjudgment interest at the legal rate.

38. Plaintiff requests exemplary damages upon proper findings justifying their imposition.

39.     Plaintiff requests multiple statutory damages under the DTPA upon proper findings justifying their imposition.

40.     Plaintiff reserves his election of remedies.

41.     Plaintiff invokes the equitable cause of action for removal of a cloud on title.

42.     Upon final trial, plaintiffs seek their damages, their attorney fees, the declaratory relief pled for, and all other and further relief to which they show themselves entitled.

43.     Plaintiff would show that unless Defendant Bank of America be temporarily enjoined, and restrained pending trial of the application for temporary injunction, from seeking issuance or enforcement of a writ of possession, that Plaintiff will suffer harm not readily compensable or determinable and thus essentially irreparable at law, which thus provides no adequate remedies, that granting the interlocutory equitable relief requested will not materially harm the party sought to be enjoined and restrained, that granting the equitable relief will not disserve the public interest, that the risk of any harm to the party sought to be enjoined will be greatly outweighed by the potential harm to be prevented.  Plaintiff requests that hearing be set on his application for temporary injunction, and that pending that hearing the defendant Bank of America be Temporarily Restrained from seeking the issuance or enforcement of a writ of possession for the premises made the basis of this case.

44.     Plaintiff suggests no real risk of harm exists that may occur to defendant during the brief time when a TRO were in force, and proposes that for TRO bond the

8

Court set same at $100.00, with the meat of argument regarding the proper

monthly increasing bond amount to be addressed at TI hearing.

WHEREFORE PREMISES CONSIDERED, plaintiff requests he be granted the

interlocutory relief requested herein and that on final trial he have judgment against Defendants

for all just relief.

Respectfully submitted,

__/S/ Matt Muller_____
Matthew S. Muller
Texas Bar No. 14648450
5225 Katy Freeway, Suite 420
Houston, Texas  77007
Tel. (713)227-1888
Fax. (713)227-1881
*Attorney for Plaintiffs*

*[lenovo]C:\Users\matt\Google Drive\admin and case papers misc\Arango plaintiffs original petition120724.wpd*

9



12-09-10256-CV  
DANILO  ARANGO  
VS.  
COUNTRYWIDE HOME LOANS, INC.

09-27-12

|  | X | IN THE DISTRICT COURT OF |
|  | X |  |
|  | X |  |
| VS. | X | MONTGOMERY COUNTY, TEXAS |
|  | X |  |
|  | X |  |
|  | X | 9TH JUDICIAL DISTRICT |

## ORDER REGARDING E-FILE DESIGNATION AND LIVE DATE

The above case is designated for Electronic Filing under the following terms and conditions:

1. EXCEPT FOR the Original Petition, Citations, Returns of Service, Original Answer or other original pleading, all other pleadings, discovery and other documents filed in this case shall be filed electronically. Parties may opt to file and serve Original Answers or first appearance papers electronically.

2. ALL PLEADINGS, DISCOVERY AND OTHER DOCUMENTS SUBJECT TO THIS ORDER SHALL BE FILED ELECTRONICALLY. APPENDICES, EXHIBITS TO MOTIONS AND OTHER DOCUMENTS (OF MORE THAN 20 PAGES) THAT ARE NOT READILY AMENDABLE TO ELECTRONIC SCANNING MAY, AT THE OPTION OF THE FILER, BE FILED CONVENTIONALLY.

3. Instructions for registering for LexisNexis eFile services, system requirements, information on various options for converting documents to an electronic format, and information about free web-based training may be obtained through LexisNexis at http://www.lexsnexis.com/fileandserve/, or Customer Service at 1.888.529.7587, or the Court's website http://www.co.montgomery.tx.us/410dc/index.shtml.

4. LexisNexis eFile enables filing with the Court and service to any designated parties to be completed at the time documents are electronically filed online. Parties who subscribe to LexisNexis eFile  will be served with documents by their recipient online into their LexisNexis eFile Inbox. Online service to a subscriber is complete at the date and time it was submitted to the LexisNexis eFile service (noted as the Authorize Date and Time). Proof of service of documents to all recipients is tracked online to indicate the date, time and method of delivery. All subscribers are required to maintain accurate contact information with LexisNexis eFile.

5. Notwithstanding the above provisions of this Order that require Electronic Filing with the Court, Counsel may serve discovery, pleadings and other documents on

opposing attorneys/parties as otherwise allowed by the Texas Rules of Civil Procedure. <u>A party choosing to not register with LexisNexis is still required to electronically file all documents pursuant to this Order.</u> In such case, that party (1) shall save documents on a diskette and utilize the public filing terminal located in the Clerk's office to file documents with the Court and (2) will be served with electronically filled documents via facsimile from LexisNexis eFile.

     6. <u>Plaintiff's Counsel is ORDERED to serve a copy of this Order upon all parties in the case with the Citation and Original Petition, or immediately upon the party's appearance in the case if the Citation has already been issued.</u>

     7. Any party may request a hearing if deemed necessary to inquire further as to these procedures.

Signed: _____, 2012

HONORABLE  FRED E. EDWARDS
9TH JUDICIAL DISTRICT COURT

CAUSE NO. 12-09-10256

| | | |
|---|---|---|
| DANILO ARANGO, IND. AND BY HIS | § | IN THE DISTRICT COURT |
| ATTORNEY IN FACT, SANTANO GALO | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | MONTGOMERY CO., TEXAS |
| | § | |
| COUNTRYWIDE HOME LOANS, INC., | § | |
| ET AL. | § | |
| | § | |
| DEFENDANTS | § | 9TH JUDICIAL DISTRICT |

### SPECIAL EXCEPTIONS AND
### DEFENDANT'S ORIGINAL ANSWER SUBJECT TO SPECIAL EXCEPTIONS AND
### COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SPECIALIZED LOAN SERVICING, LLC ("SLS") and BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC. ASSET-BACKED CERTIFICATES SERIES 2007-9 ("BONY," and with SLS, "Defendants"), Defendants in the above-styled and numbered cause, and files their Special Exceptions, Original Answer to Plaintiff's Original Petition Subject to Special Exceptions, and Counterclaim against Danilo Arango individually and by attorney in fact, Santano Galo ("Plaintiff") and, in support hereof, would respectfully show this Honorable Court the following:

### I.
### SPECIAL EXCEPTIONS

1.     Defendants respectfully request that this Court sustain their special exceptions to the Petition, and in support hereof would show the Court as follows:

2.      Rule 91 of the Texas Rules of Civil Procedure allows a party to "point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to." TEX. R. CIV. P. 91.

**SPECIAL EXCEPTION NO. 1:**

3.      Defendants specially except to numbered paragraphs 32 to 44, inclusive, of the Petition because Plaintiff fails to state the maximum amount of his damages. TEX. R. CIV. P. 47. Plaintiff fails to allege the actual amount in dispute.  Defendants respectfully request that this Court order Plaintiff to amend his Petition to state the maximum amount of his damages and the actual amount in dispute or strike Plaintiff's pleadings and dismiss this case.

**SPECIAL EXCEPTION NO. 2:**

4.      Defendants specially except to the entirety of Plaintiff's Original Petition because Plaintiff does not allege any distinct causes of action against SLS and other Defendants.  Plaintiff requests entry of a Temporary Restraining Order (which was granted *ex parte*), but does not allege any distinct causes of action against Defendants. TEX. R. CIV. P. 45, 47, and 48; *see also Paramount Pipe & Sup. V. Muhr*, 749 S.W.2d 491, 494-95 (Tex. 1988); *Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex. App.-Eastland 2004, no pet.).  The Court should require Plaintiff to amend his Petition to plead separate and distinct causes of action against Defendants, in order to provide fair notice to Defendants of the claims they face in this lawsuit so that Defendants may prepare its defenses in an efficient and organized manner.  The Court should Order Plaintiff to replead.  Should Plaintiff not replead, Defendants request that Plaintiff's Original Petition be stricken and the suit dismissed.

2

**SPECIAL EXCEPTION NO. 3:**

5.    Defendants specially except to paragraph 20 of Plaintiff's Original Petition because Plaintiff does not allege how "Plaintiff would in 2007 *(sic)* have been entitled to the protections of Texas' Home Equity Loan laws, [and] [s]omehow, it seems, an attempt was made to deny him those protections." The Court should Order Plaintiff to amend his Petition to plead how he believes Plaintiff should have been given a home equity loan in lieu of a conventional mortgage, who denied Plaintiff such alleged rights, and how Plaintiff was denied such rights. Defendants must be given fair notice of the claims they face in this lawsuit. Defendants must be able to prepare a defense in an efficient and organized manner. The Court should Order Plaintiff to replead. Should Plaintiff not replead, Defendants request that Plaintiff's Original Petition be stricken and the suit dismissed.

**SPECIAL EXCEPTION NO. 4:**

6.    Defendants specially except to paragraph 31 of Plaintiff's Original Petition because Plaintiff does not state what sums he paid to Crystal Financial Mortgage. Plaintiff fails to allege Crystal Financial Mortgage's connection to this suit. The Court should require Plaintiff to amend his Petition to plead how he much he paid to Crystal Financial Mortgage and Crystal Financial Mortgage's connection to this lawsuit. Defendants must be given fair notice of the claims they face in this lawsuit. Defendants must be able to prepare a defense in an efficient and organized manner. The Court should Order Plaintiff to replead. Should Plaintiff not replead, Defendants request that Plaintiff's Original Petition be stricken and the suit dismissed.

**SPECIAL EXCEPTION NO. 5:**

7.    Defendants specially except to the entirety of Plaintiff's Original Petition because Plaintiff does not elect his remedy, and Plaintiff does not plead in the alternative. "The [election

3

of remedies] doctrine is meant to prevent a party who has obtained a specific form of remedy from obtaining a different and inconsistent remedy for the same wrong." *Fina Supply, Inc. v. Abilene Nat'l Bank*, 726 S.W.2d 537, 541 (Tex. 1987).  Plaintiff's pleadings are inconsistent. Defendants cannot adequately prepare a defense.  So that justice may be done, for the purposes of efficiency, and to conform to the law, Plaintiff must make an election of remedies.  The Court should require Plaintiff to amend his Petition to elect his remedy or plead in the alternative. Defendants must be given fair notice of the claims they face in this lawsuit.  Defendants must be able to prepare a defense in an efficient and organized manner.  The Court should Order Plaintiff to replead.  Should Plaintiff not replead, Defendants request that Plaintiff's Original Petition be stricken and the suit dismissed.

**SPECIAL EXCEPTION NO. 6:**

8.     Defendants specially except to paragraphs 34 through 39 of Plaintiff's Original Petition because Plaintiff does not properly plead a cause of action under the Texas Deceptive Trade Practices Act (the "DTPA").  Plaintiff does not allege how the DTPA applies to the circumstances giving rise to this lawsuit.  Plaintiff does allege what sections of the DTPA Defendants violated.  Plaintiff does not allege which Defendant(s), if any, purportedly violated the DTPA.  Plaintiff's DTPA claim is not properly pleaded.  Defendants must be given fair notice of the claims they face in this lawsuit.  Defendants must be able to prepare a defense in an efficient and organized manner.  The Court should Order Plaintiff to replead.  Should Plaintiff not replead, Defendants request that Plaintiff's Original Petition be stricken and the suit dismissed.

4

**SPECIAL EXCEPTION NO. 7:**

9.     Defendants specially except to paragraph 41 of Plaintiff's Original Petition because Plaintiff does not properly plead a cause of action for trespass to try title. Plaintiff does not allege any elements of a trespass to try title action. Plaintiff does not allege how or which Defendants trespassed on his purported title. Plaintiff's trespass to try title claim is less than one (1) line long. It is not properly pleaded. Defendants must be given fair notice of the claims they face in this lawsuit. Defendants must be able to prepare a defense in an efficient and organized manner.   The Court should Order Plaintiff to replead. Should Plaintiff not replead, Defendants request that Plaintiff's Original Petition be stricken and the suit dismissed.

**SPECIAL EXCEPTION NO. 8:**

10.     Defendants specially except to paragraph 25 of Plaintiff's Original Petition because Plaintiff does not state how Southwest Funding was involved in any wrongdoing. The Court should require Plaintiff to amend his Petition to plead how Southwest Funding was involved in the alleged wrongdoing. Defendants must be given fair notice of the claims they faces in this lawsuit. Defendants must be able to prepare a defense in an efficient and organized manner. The Court should Order Plaintiff to replead. Should Plaintiff not replead, Defendants request that Plaintiff's Original Petition be stricken and the suit dismissed.

**SPECIAL EXCEPTION NO. 9:**

11.     Defendants specially except to the entirety of Plaintiff's Original Petition because Plaintiff does not properly plead a cause of action against SLS or BONY. Defendants must be given fair notice of the claims it faces in this lawsuit. Defendants must be able to prepare a defense in an efficient and organized manner. The Court should Order Plaintiff to replead.

Should Plaintiff not replead, Defendants request that Plaintiff's Original Petition be stricken and the suit dismissed.

**SPECIAL EXCEPTION NO. 10:**

12.    Defendants specially except to the entirety of Plaintiff's Original Petition because it fails to give sufficient factual detail and does not give fair notice of the facts or the laws on which this lawsuit is based. Because Plaintiff's Original Petition does not (i) give fair notice of a cause of action against SLS or BONY or (ii) plead with specificity the laws SLS or BONY allegedly violated, SLS and BONY cannot prepare a defense. The Court should Order Plaintiff to replead. Should Plaintiff not replead, Defendants request that Plaintiff's Original Petition be stricken and the suit dismissed.

**SPECIAL EXCEPTION NO. 11:**

13.    Defendants specially except to the entirety of Plaintiff's Original Petition because it fails to give sufficient factual detail regarding the identity of Santano Galo ("Galo"), Galo's connection to this lawsuit, under what authority Galo is alleging acting as attorney-in-fact for Danilo Arango, and why Galo is acting as attorney-in-fact for Danilo Arango. Because Plaintiff's Original Petition does not give fair notice of the Plaintiff(s) in this lawsuit, Defendants cannot prepare a defense. The Court should Order Plaintiff to replead. Should Plaintiff not replead, Defendants request that Plaintiff's Original Petition be stricken and the suit dismissed.

## II.
### GENERAL DENIAL

14.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each, every, all and singular, allegation contained in Plaintiff's Original Petition. Defendants demand strict proof by a preponderance of the evidence and/or by clear and convincing evidence as required by the laws and constitutions of the State of Texas and of the United States.

6

## III.
### AFFIRMATIVE DEFENSES

15.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense of release.

16.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense that Plaintiff's claims are barred by contract and state law.

17.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense of estoppel.

18.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense of waiver.

19.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense of laches.

20.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense of justification.

21.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense of rescission.

22.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert the defense that the statute of frauds bars Plaintiff from recovery in this lawsuit.

23.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants assert that Plaintiff has not properly made his election of remedies in this lawsuit.

24.     Defendants reserve the right to amend this Answer to assert other and further defenses.

7

## IV.
### COUNTERCLAIM

*Frivolous Lawsuit under Texas Law*

25.      Defendants assert that Plaintiff's pleadings in this matter violate Tex. Civ. Prac. & Rem. Code §§9.011 *et seq.* and §§10.001 *et seq.* because the pleadings are (1) groundless and brought in bad faith; (2) groundless and brought for the purpose of harassment; or (3) groundless and interposed for an improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.

26.      Plaintiff has filed a groundless lawsuit to delay Defendants' rights to foreclose and take possession of the collateral following default under the terms of the original Note and Deed of Trust and after a properly noticed and conducted non-judicial foreclosure.

27.      Persons continue to reside in the Property without remitting mortgage or rental payments and have sought injunctive relief, invoking the powers of this Court, to prevent Defendants from foreclosing and dispossessing them of the Property.

28.      Plaintiff is in default under the terms of the Note and Deed of Trust that he fully executed.

29.      Section 9 of the Deed of Trust provides that the Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided therein including, but not limited to, reasonable attorneys' fees and costs. The Deed of Trust further provides that expenses, including attorneys' fees, incurred by the Lender in protecting its rights in the Property and/or under the Deed of Trust become additional debt of the Borrower. *Id.* The Deed of Trust thus allows the lender to recover its reasonable attorneys' fees and costs incurred in defending this lawsuit. *Id.*

30.      Texas law provides the rule of decision in this case. Fees and expenses incurred in prosecuting or defending a suit are not recoverable unless recovery is authorized by statute or

contract. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). In this case, Section 9 of the Deed of Trust provides in pertinent part that (i) the Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided therein including, but not limited to, reasonable attorneys' fees and costs and (ii) expenses, including attorneys' fees, incurred by Lender in protecting its rights in the Property and/or under the Deed of Trust become additional debt of the Borrower. *Id.*

31.     The Fifth Circuit has held that similar language in loan documents entitles a lender to recover attorneys' fees "reasonably and appropriately incurred" in protecting its rights under a Deed of Trust. *In re Velazquez*, 660 F.3d 893, 899-900 (5th Cir. 2011). In this case, the parties have an enforceable contract permitting the Lender to recover attorneys' fees and costs in this matter. The party seeking attorneys' fees is required to document the time spent and services performed. *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1941 (1983)

32.     "Where counsel requests compensation at his normal billing rate and that rate is shown to be within the range of market rates for attorneys of similar skill and experience, the burden is on the opposing party to show that a lower rate should be used." *United States v. Cornerstone Wealtlz Corp., Inc.*, No. 3-98-CV-0601-D, 2006 U.S. Dist. LEXIS 36077, 2006 WL 1524592 at *2 (N.D. Tex. June 2, 2006), citing *Islamic Center of Miss., Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989); see also *Watkins*, 7 F.3d at 459 (court must articulate reasons for rejecting normal billing rate).

33.     In light of these provisions of the Deed of Trust and applicable law, there is an enforceable contract that permits the recovery of attorneys' fees. Plaintiff's claims against Defendants are legally and factually groundless. Defendants are entitled to reimbursement of their reasonable attorneys' fees and costs. *See also Cardenas v. Wells Fargo Bank, N.A.*, Civil

9

Action No. 4:11-cv-02916, Docket No. 18, Memorandum and Order, pages 11-15, Southern

District of Texas (J. Hanks); *Fashakin v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-cv-

00599, Docket No. 65, Order Granting Summary Judgment, pages 23-24, Southern District of

Texas (J. Gilmore).

     34.     Defendants seek recovery of their reasonable attorneys' fees, witness fees, costs,

fees of experts and deposition expenses, if any.

**V.**

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that:

(1)     Plaintiff take nothing by reason of this suit;

(2)     Defendants have recovery from Plaintiff for its actual damages, reasonable and
necessary attorneys' fees, costs, expenses, prejudgment and post-judgment
interest; and

(3)     Defendants be awarded such other and further relief, at law or in equity, to which
they may be justly entitled.

Respectfully submitted,

JOHNSON DeLUCA KURISKY & GOULD
A Professional Corporation

By: _____
GEORGE A. KURISKY, JR.
Texas State Bar No. 11767700
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Telecopy
ATTORNEYS FOR DEFENDANTS,
SPECIALIZED LOAN SERVICING, LLC
AND BANK OF NEW YORK MELLON
F/K/A BANK OF NEW YORK AS TRUSTEE

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been delivered via facsimile to all counsel of record on this, the 3rd day of December 2012, as follows:

***VIA FACSIMILE: (713) 227-1881***
MATTHEW S. MULLER
5225 KATY FREEWAY, SUITE 420
HOUSTON, TX 77007

***VIA FACSIMILE: (214) 922-7101***
JENNIFER L. GRAF
2001 ROSS AVE., SUITE 4400
DALLAS, TX 75201

George A. Kurisky, Jr.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **DANILO ARANGO, IND. AND BY HIS ATTORNEY IN FACT, SANTANO GALO** | |
| **Plaintiff,** | **Civil Action No. 4:12−cv−0_____** |
| **v.** | |
| **COUNTRYWIDE HOME LOANS, INC. D/B/A AMERICA'S WHOLESALE LENDER, THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CEABS, INC. ASSET-BACKED CERTIFICATES SERIES 2007-9, SPECIALIZED LOAN SERVICING, L.L.C., CRYSTAL FINANCIAL MORTGAGE, BANK OF AMERICA, SOUTHWEST FUNDING, L.P., AND PATRICIA POSTON** | |
| **Defendants** | |

## EXHIBIT 3

A true and correct copy of the Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction are attached hereto as Exhibit 3.

# TEMPORARY RESTRAINING ORDER

CLERK OF THE COURT
BARBARA GLADDEN ADAMICK
P.O. Box 2985
Conroe, Texas  77305

ATTORNEY REQUESTING SERVICE
MATTHEW S. MULLER
5225 KATY FREEWAY, SUITE 420
HOUSTON TX 77002

RECEIVED
AUG -6 AM 10: 21
TRAVIS COUNTY CONSTABLE
PCT 1

Monber

### THE STATE OF TEXAS

To: SPECIALIZED LOAN SERVICING,LLC BY SERVING REGISTERED AGENT CAPITOL
CORPORATE SERVICES
800 BRAZOS STREET, STE 400
AUSTIN, TEXAS 78701

Delivered this ____ day of ____
DANNY THOMAS
CONSTABLE, PRECINCT 1, TRAVIS CTY, TEXAS

BY_____
Deputy

Whereas, DANIEL    ARANGO,INDIVIDUALLY    AND    THROUGH    HIS
ATTORNEY-IN-FACT, SANTANO GALO

filed HIS   ORDER TO ISSUE TEMPORARY RESTRAINING ORDER    in the
9TH Judicial District Court of Montgomery  County,  Texas, 27th day of
SEPTEMBER, A.D., 2012, in a suit  numbered **12-09-10256-CV** on
the Docket of said Court, wherein

DANILO ARANGO,IND.AND BY HIS ATTORNEY-IN-FACT, SANTANO GALO PLAINTIFF

AND
COUNTRYWIDE HOME LOANS, INC., ET AL DEFENDANT

alleging that which is  more fully  shown by  a  true and correct
copy of ORDER TO  ISSUE TEMPORARY  RESTRAINING ORDER    which  is
attached hereto;  and  upon  presentation  of  said   ORDER TO  ISSUE
TEMPORARY RESTRAINING ORDER    to him and consideration thereof, the
Honorable FRED  EDWARDS Judge of said court,  made the following order
thereon:

You are therefore commanded to desist and refrain from

**ALL THOSE ACTIONS SET OUT IN JUDGE'S ORDER ATTACHED HERETO.**

until and pending  the hearing  of such petition upon  PETITIONER
application for a temporary injunction  before the Judge of said court
at 9:30  A.M.        on  the 9th  day of NOVEMBER, 2012 in  the 9TH
Judicial District  Court courtroom  in  the  court house of Montgomery
County, in the  City of Conroe Texas, when and where you will appear to
show cause why injunction should not  be  granted upon  such petition
effective until final decree in such suit.

Bond in the amount of  $  100.00  filed in  the District  Clerk's
office

Issued and  given under my hand and seal of said Court at Conroe,
Texas this the 26th day of OCTOBER, 2012,

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By_____
Deputy

### OFFICER'S RETURN

Cause No: **12-09-10256-CV**                    9TH Judicial District Court
Style: DANILO  ARANGO,IND.AND  BY HIS  ATTORNEY-IN-FACT,  SANTANO GALO
PLAINTIFF vs
To: SPECIALIZED LOAN SERVICING,LLC BY SERVING REG.AGENT,CAPITOL
Address for  Service: CORPORATE  SERVICES 800  BRAZOS STREET,  STE 400
AUSTIN, TEXAS 78701

Came to hand the ___ day of _____, 20 __, at _____ o'clock,
and executed in _____County, Texas by delivering to each of
the within named defendants in person, a true copy of this Citation
with the date of delivery endorsed thereon, together with the
accompanying copy of the ORDER TO ISSUE TEMPORARY RESTRAINING ORDER

         , at the following times and places, to wit:
Name                     Date/Time  Place, Course and Distance from Courthouse

_____       _____    _____

Manner of service: _____

*And not executed as to the defendant(s)_____

The diligence used in finding said defendant(s) being:
_____
and the cause or failure to execute this process is:
_____
and information received as to the whereabouts of said defendant(s) being:
_____
FEES:
Serving Petition and Copy $ _105.00_
TOTAL                     $_105.00_
                              _____OFFICER
                              _____County, Texas
                              By: _____Deputy
                              _____
                              Affiant

**Complete if you are a  person other  than a Sheriff, Constable, or
Clerk of the Court.** In accordance with Rule  107: the officer or
authorized person who serves, or attempts  to  serve a citation shall
sign the  return.  The  return must either  be  verified or  be signed
under penalty of  perjury.  A return signed under penalty of perjury
must contain the statement below in substantially the following form:

My full name is _____my date of birth is _____, and my address
is _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the __day of
_____2012.

                    _____
                    Declarant/Authorized Process Server

                    _____
                    ID# & Exp.of Certification

RECEIVED AND FILED
FOR RECORD
At 8:00 O'Clock A M.

SEP 2 7 2012

BARBARA GLADDEN ADAMICK
District Clerk
Montgomery County, Texas
By_____Deputy

NO. 12-09-10256

DANILO ARANGO, ind. and
by his attorney-in-fact.
Santano Galo

v

COUNTRYWIDE HOME LOANS,
INC. d/b/a AMERICA'S
WHOLESALE LENDER,
THE BANK OF NEW YORK
MELLON f/k/a THE BANK OF
NEW YORK as Trustee for the
Certificate Holders of the CWABS, Inc.
Asset-Backed Certificates Series
2007-9, SPECIALIZED LOAN
SERVICING, L.L.C., CRYSTAL FINANCIAL
MORTGAGE, BANK OF AMERICA,
SOUTHWEST FUNDING L.P.,
and PATRICIA POSTON

IN THE DISTRICT COURT

MONTGOMERY COUNTY, TEXAS

9th _____ JUDICIAL DISTRICT

## ORDER TO ISSUE TEMPORARY RESTRAINING ORDER

IMMEDIATELY upon the deposit of a bond acceptable to the clerk, or of cash deposited with the clerk in lieu thereof, for $100.00, conditioned that Danilo Arango, ind. and through his attorney in fact Santano Galo will prosecute his case to effect, the clerk shall issue *instanter* this Court's ORDER temporarily RESTRAINING Bank of America from seeking issuance or enforcement of a writ of possession for 117 White Oak Drive, New Caney, Texas 77357 and being more fully described as:

Lot 117, of Woodbranch,
Section Three (3), a subdivision
of 98 acres located in the Pryor
Bryan Survey, Abstract No. 76,
of Montgomery County, Texas,
according to the map or plat
thereof, recorded in Volume 5,
Page 351 of the Map Records of
Montgomery County, Texas

#468511140
10/8/12

The Court finds that unless this order issue *instanter*, applicant probably will suffer damages and harm for which an adequate remedy at law will not exist. The Court also finds, after reviewing Danilo Arango's affidavit with its attached evidence in support of this application, that plaintiff will probably prevail on pertinent portions of his applications for relief relating to notice or the equitable lack thereof of statutory foreclosure notice affecting the realty in question, and that the harm that may follow from an erroneous issuance of this order is outweighed by the harm that would come if it erroneously were not issued, that a bond of $100.00 will adequately protect the parties bound by this temporary order from harm that would follow were this order soon to be found to have been issued in error, and that the issuance of this order does not disserve the public interest.

The Court further orders that Bank of America shall be served with a copy of this order with a precept commanding them to appear by their officers or attorneys in fact in this Court there and then to show cause why this temporary order should not be continued as and converted to a temporary injunction of the same effect for the period of time before the final trial of this case, at 11091 12 am / pm o'clock on the 930 day of _____, 2012, in the courtroom of the _____ District Court of MONTGOMERY COUNTY, Texas.

Signed this _6_ th day of August, 2012 at _3:00_ a.m./p.m. o'clock.

_____
DISTRICT JUDGE


Clerk's receipt for deposit of cash in lieu of surety bond:

_____

I, the undersigned clerk of court, received
this ____th day of August 2012 from attorney
Matthew Muller in cash $100.00
for the bond required in the foregoing order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| **DANILO ARANGO, IND. AND BY HIS ATTORNEY IN FACT, SANTANO GALO** | |
| **Plaintiff,** | Civil Action No. 4:12−cv−0_____ |
| **v.** | |
| **COUNTRYWIDE HOME LOANS, INC. D/B/A AMERICA'S WHOLESALE LENDER, THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CEABS, INC. ASSET-BACKED CERTIFICATES SERIES 2007-9, SPECIALIZED LOAN SERVICING, L.L.C., CRYSTAL FINANCIAL MORTGAGE, BANK OF AMERICA, SOUTHWEST FUNDING, L.P., AND PATRICIA POSTON** | |
| **Defendants** | |

**EXHIBIT 4**

A true and correct copy of the docket sheet is attached hereto at Exhibit 4.

| DATE | ORDERS OF THE COURT |
|------|---------------------|
| 10-26-12 | Order To Issue TRO. Set for November 9, 2012 at 9:30am; Signed by Judge Edwards. |
| 11-9-12 | Deft Bank of America & Atty Jennifer Graft appd. Et Plaintiff's Cy Parte Order denied by Judge Fred Edwards   CSR/R Chapman   KF/gH |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**DANILO ARANGO, IND. AND BY HIS ATTORNEY IN FACT, SANTANO GALO**

**Plaintiff,**

**v.**

**COUNTRYWIDE HOME LOANS, INC. D/B/A AMERICA'S WHOLESALE LENDER, THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CEABS, INC. ASSET-BACKED CERTIFICATES SERIES 2007-9, SPECIALIZED LOAN SERVICING, L.L.C., CRYSTAL FINANCIAL MORTGAGE, BANK OF AMERICA, SOUTHWEST FUNDING, L.P., AND PATRICIA POSTON**

**Defendants**

Civil Action No. 4:12−cv−0_____

## EXHIBIT 5

### <u>LIST OF ALL COUNSEL OF RECORD</u>

**COUNSEL FOR PLAINTIFF**

Matthew S. Muller
TBA No. 14648450
5225 Katy Freeway, Suite 420
Houston, Texas 77007
(832) 227-1888 − Telephone
(713) 227-1881 − Facsimile

**COUNSEL FOR DEFENDANT**
**SPECIALIZED LOAN SERVICING, LLC**
**AND BANK OF NEW YORK MELLON F/K/A BANK OF NEW YORK AS TRUSTEE**

George A. Kurisky, Jr.
TBA No. 11767700
Johnson DeLuca Kurisky & Gould, P.C.
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Facsimile

**COUNSEL FOR DEFENDANT**
**BANK OF AMERICA AND COUNTRYWIDE HOME LOANS**

Nathan T. Anderson
TBA No. 24050012
McGlinchey Stafford
2711 North Haskell Ave.
Suite 275, Lb 25
Dallas, Texas 75204
(214) 445-2445 – Telephone
(214) 445-2450 – Facsimile

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

DANILO ARANGO, IND. AND BY HIS
ATTORNEY IN FACT, SANTANO GALO

     **Plaintiff,**

     **v.**

COUNTRYWIDE HOME LOANS, INC.
D/B/A AMERICA'S WHOLESALE
LENDER, THE BANK OF NEW YORK
MELLON F/K/A THE BANK OF NEW
YORK AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF THE
CEABS, INC. ASSET-BACKED
CERTIFICATES SERIES 2007-9,
SPECIALIZED LOAN SERVICING,
L.L.C., CRYSTAL FINANCIAL
MORTGAGE, BANK OF AMERICA,
SOUTHWEST FUNDING, L.P., AND
PATRICIA POSTON

     **Defendants**

Civil Action No.  4:12−cv−0_____

**EXHIBIT 6**

**NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT**

A true and correct copy of the Notice of Filing Notice of Removal to Federal Court is attached hereto.

CAUSE NO. 12-09-10256

| | | |
|---|---|---|
| DANILO ARANGO, IND. AND BY HIS ATTORNEY IN FACT, SANTANO GALO | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | MONTGOMERY CO., TEXAS |
| | § | |
| COUNTRYWIDE HOME LOANS, INC., ET AL. | § | |
| | § | |
| DEFENDANTS | § | 9TH JUDICIAL DISTRICT |

## NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1446(d), Defendant Bank of New York Mellon, hereby gives notification that on December 14, 2012, it removed the above-captioned case pursuant to 28 U.S.C. §1332 to the United States District Court for the Southern District of Texas.  A copy of the Notice of Removal and its exhibits are attached hereto as Exhibit A and are served and filed herewith.  This notification effects removal pursuant to 28 U.S.C. §1446(d).

Dated:  December 14, 2012.

Respectfully submitted,

JOHNSON DeLUCA KURISKY & GOULD
A Professional Corporation

By: _//s// George A. Kurisky, Jr._
       GEORGE A. KURISKY, JR.
       Texas Bar No. 11767700
       BRANCH M. SHEPPARD
       Texas Bar No. 24033057
       4 Houston Center
       1221 Lamar, Suite 1000
       Houston, Texas 77010
       (713) 652-2525 – Telephone
       (713) 652-5130 – Telecopy
       ATTORNEYS FOR DEFENDANTS,
       SPECIALIZED LOAN SERVICING, LLC
       AND BANK OF NEW YORK MELLON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been delivered via facsimile to all counsel of record on this, the 14th day of December, 2012, as follows:

***VIA FACSIMILE: (713) 227-1881***
MATTHEW S. MULLER
5225 KATY FREEWAY, SUITE 420
HOUSTON, TX 77007

***VIA FACSIMILE: (214) 922-7101***
NATHAN ANDERSON
MCGLINCHEY STAFFORD
2711 NORTH HASKELL AVE.
SUITE 275, LB 25
DALLAS, TX 75204

                                                     //s// George A. Kurisky, Jr.
                                                     George A. Kurisky, Jr.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **DANILO ARANGO, IND. AND BY HIS ATTORNEY IN FACT, SANTANO GALO** | |
| **Plaintiff,** | **Civil Action No.  4:12−cv−0_____** |
| **v.** | |
| **COUNTRYWIDE HOME LOANS, INC. D/B/A AMERICA'S WHOLESALE LENDER, THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CEABS, INC. ASSET-BACKED CERTIFICATES SERIES 2007-9, SPECIALIZED LOAN SERVICING, L.L.C., CRYSTAL FINANCIAL MORTGAGE, BANK OF AMERICA, SOUTHWEST FUNDING, L.P., AND PATRICIA POSTON** | |
| **Defendants** | |

## EXHIBIT 7

## AFFIDAVIT OF APPRIASAL DISTRICT RECORD

A true and correct copy of the Affidavit of Appraisal District Record is attached hereto.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **DANILO ARANGO, IND. AND BY HIS ATTORNEY IN FACT, SANTANO GALO** | |
| **Plaintiff,** | Civil Action No.  4:12−cv−0_____ |
| **v.** | |
| **COUNTRYWIDE HOME LOANS, INC. D/B/A AMERICA'S WHOLESALE LENDER, THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CEABS, INC. ASSET-BACKED CERTIFICATES SERIES 2007-9, SPECIALIZED LOAN SERVICING, L.L.C., CRYSTAL FINANCIAL MORTGAGE, BANK OF AMERICA, SOUTHWEST FUNDING, L.P., AND PATRICIA POSTON** | |
| **Defendant** | |

## PUBLIC RECORDS AFFIDAVIT

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HARRIS** | § |

BEFORE ME, the undersigned authority, on this day personally appeared Branch M. Sheppard, who is over the age of eighteen years, and who, after being first duly sworn on her/his oath, deposed and stated as follows:

1.      "My name is Branch M. Sheppard.  I am an attorney with the law firm of Johnson DeLuca Kurisky & Gould, P.C.  In such capacity, I am authorized to make this affidavit.

2.      The real property at issue in this instance is located at 117 White Oak Drive, New Caney, Texas 77357 (the "Property").

3.      On December 13, 2012, I reviewed the online records pertaining to the Property on the website of the Montgomery County Appraisal District, www.mcad-tx.org, and it reported that the 2012 appraised value of the Property is $191,010.00.

4.      Attached hereto is a true and correct copy of the Montgomery County Appraisal District online public records as of December 13, 2012, as they pertain to the current appraised value of the Property.

5.      I hereby declare that the foregoing facts are true and correct to the best of my information, belief, and personal knowledge."

By: _____
    Dustin M. Sheppard

SWORN TO AND SUBSCRIBED BEFORE ME on the 13th day of December, 2012 to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC, STATE OF TEXAS



ROXANNE MARIE HENRY
Notary Public, State of Texas
My Commission Expires
February 14, 2015



# Montgomery Central Appraisal District
Data on this Web site represents Preliminary 2013 values



**Home**

**General Information**

**News**

**FAQ**

**Searches**

- Property ID Search
- Account Search
- Owner Search
- Address Search
- Neighborhood Search

**Property Data**

- Detail Sheet
- Datasheet

**Other**

- Taxing Units
- Neighborhoods
- Abstracts
- Subdivisions
- Building Codes
- Pers Prop Depr Sched
- General Prop Data
- General Exempt Data
- General Appeals Data
- Internal Ratio Study
- Property Value Study
- M.A.P.S.
- How MCAD Appraises
- How Appr Slideshow
- OnLine Appeals Instr
- Appeal Process OvrVw
- Tax Rates

Property Detail Sheet (R186303)

 **History**       **GIS Map**       **Datasheet**

☒ **Notifications**

**Owner Information**
Owner ID:      **O0434858**
Owner Name:    **BANK OF NEW YORK MELLON TR**
Owner Address: **8742 LUCENT BLVD**
               **HIGHLANDS RANCH,CO 80129-2386**
Property Address: **117 WHITE OAK DR**
               **NEW CANEY, TX 77357**

**Parcel Information**
Legal Description: **WOODBRANCH 03, LOT 117**
Neighborhood:   **41270.0( Woodbranch & Woodbranch South )**
Acreage:
Cross Reference: **9610-03-01700**
Undivided Interest:
**Exemption Codes:**
Entity Codes:   **CWV (Cty Woodbranch)**
                **F07 (Emergency Ser Dist #7)**
                **GMO (Montgomery Cnty)**
                **HM1 (Mont Co Hospital)**
                **JNH (Lone Star College)**
                **SNC (New Caney ISD)**
Deed Type:      **Sub Tr Deed**
Deed Book:
Deed Page:      **2012065539**
Map Page:
Links:

| Values Breakdown | 2013 Preliminary Value |
|---|---|
| Land HS: | **$500 +** |
| Land NHS: | **$0 +** |
| Improvement HS: | **$191,010 +** |
| Improvement NHS: | **$0 +** |
| Ag Market: | **$0** |
| Ag Use: | **$0 +** |
| Timber Market: | **$0** |
| Timber Use: | **$0 +** |
| Assessed: | **$191,510 =** |

**Improvements**

| ID | Type | SPTB | Seg: | Value |
|---|---|---|---|---|
| **Imp1** | R (Residential) | A1 (A1 - Residential Single Fami3 | | $ 191,010 |

**Land**

| ID | Type | SPTB | Acre | Market |
|---|---|---|---|---|
| Land1 | S1 (Primary Site) | A1 (A1 - Residential Single Famil | | $ 500 |

A recent version of Adobe Acrobat Reader is required to view PDF documents. Acrobat Reader is a free program available here.